IN THE UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

     v.                                          CRIMINAL NO.: 2:16cr85

RON GERARD YARBOROUGH

       Defendant.

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

COMES NOW the Defendant, Ron Gerard Yarborough, by counsel, pursuant to Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u> and the standing Order of this Court, and hereby submits this Position with Respect to Sentencing Factors. The Defendant and counsel have reviewed the Presentence Report prepared on November 10, 2016 (the "PSR") and have one objection to the advisory sentencing guideline calculations. We object to Mr. Yarborough receiving a two-point enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance.

### Paragraph 23 - Maintaining premises enhancement under §2D1.1(b)(12)

We object to Mr. Yarborough receiving a 2 point enhancement for maintaining a premises at CMG music/recording studio, 5773 Arrowhead Drive, Virginia Beach ("the premises"), for the purpose of manufacturing or distributing a controlled substance. USSG §2D1.1(b)(12). While there is evidence of sporadic use of the premises by Mr. Yarborough for distributing and storing controlled substances, it was not the primary or principal use of the premises by Mr. Yarborough. It is believed that the premises was rented by others sometime in 2009 or 2010. The primary purpose and use for the

-1-

premises was as a recording studio. The earliest association of Mr. Yarborough with the premises was in 2012. Mr. Yarborough was not on the lease, none of the utilities were in his name and he did not have a key to the premises. Mr. Yarborough did not control access to the premises or the activities of the premises.

The Commentary following §2D1.1 states in pertinent part:

> Among the factors the court should consider in determining whether the defendant "maintained" the premises are (A) whether the defendant held a possessory interest in (e.g. owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises. Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes.

Music was a big part of Mr. Yarborough's life and he spent many hours in the recording studio over a four-year period. The locations of the drug dealings attributed to Mr. Yarborough are varied. There were only a handful of occasions during that period of time when informants said that Mr. Yarborough was dealing/storing drugs in the premises. The pursuit of music was Mr. Yarborough's primary or principal use of the premises.

Mr. Yarborough did not maintain a drug-related premises, nor did he control access and activities therein. Mr. Yarborough did not (1) have a possessory interest in the premises (own, lease or rent), (2) pay utilities, (3) have a key or unfettered access, and (3) have control of access or activities at the premises. Dealing/storing drugs was merely an incidental/collateral use of the premises by Mr. Yarborough. Therefore, Mr.

Yarborough should not be attributed with a 2 point enhancement for maintaining a premises. His total offense level should be 31. This would result in an advisory guideline range of 188 months to 235 months.

## **Argument**

A sentence near the mandatory minimum (120 months), followed by supervised probation and substance abuse treatment would promote respect for the law, reflect the seriousness of the offense, provide just punishment, afford an adequate deterrence and protect the public from further crimes.

The PSR shows that Mr. Yarborough has struggled his whole life with relationships and drugs. The letters of support show a kind, well loved man whose family is standing behind him. Mr. Yarborough's father died at an early age related to drug usage and was not a major presence in his life. He recalls times when he witnessed his father "shoot up" heroin. Mr. Yarborough has three half-siblings and was raised by his mother, in "Section 8" housing in the Foundation Park community of Chesapeake. His mother struggled with poverty, being a single mother and keeping her children fed and a roof over their heads. She had former boyfriends who were abusive toward her, Mr. Yarborough and his half-siblings. At the age of 14, Mr. Yarborough was on his own. He became involved in criminal activity, thinking it was "a better way to live". Mr. Yarborough smoked marijuana and drank alcohol on a daily basis until his arrest in June, 2016. He feels he needs substance abuse treatment.

The drug weight being attributed to Mr. Yarborough places him at a base offense level of 32. USSG §2D1.1(c)(2) of the guidelines provides that an offense involving at least 3,000 kilograms but less than 10,000 kilograms of Marihuana has a base offense

level of 32. The total amount of drugs being attributed to Mr. Yarborough is a little over 4,800 kilograms of marijuana (see ¶21 of the PSR). It is of note that the drug weight attributed to Mr. Yarborough is at the low range of the base offense level of 32. His criminal history score is 13 placing him at the threshold of a Category VI offender (13 or more). Two of Mr. Yarborough's co-defendants have been sentenced and received sentences of 151 months and 87 months. For these reasons alone, the Court should consider deviating below the guideline range.

Mr. Yarborough has a long history of using marijuana and alcohol. In addition, his youth was punctuated by losing his father to heroin at an early age and witnessing his mother being abused by a string of poor male role models (many of whom were dealing drugs). Even with this past, he has strong family support and many family members with whom he has a positive relationship (see letters of support). His mother's letter is very moving and shows the affect poverty had on her and her children. For these reasons and others, the Court should give a downward departure or variance sentence from the guidelines in this case.

The court is no longer required to impose a sentence within the range calculated under the provisions of the United States Sentencing Guidelines. *See United States v. Booker*, 125 S. Ct. 738 (2005). The court is now required to impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

Section 18 U.S.C. 3553 states that to meet the goals of sentencing, "The court shall impose a sentence sufficient but not greater than necessary...". The Court must impose the least restrictive sentence. In *Gall v. United States*, 552 U.S. 38, 47 (2007),

the United States Supreme Court rejected "... an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range" and also rejected "... the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." The *Gall* court citing to the decision in *Koon v. United States*, 518 U.S. 81, (1996), recognized the difficult task that faces a sentencing court to view each case and each defendant on an individual basis. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall*, supra at 52.

In this case, the guidelines range is greater than necessary to accomplish the goals of 18 U.S.C. §3553(a)(2). A sentence near the mandatory minimum sentence of ten years, followed by supervised release with substance abuse treatment would be sufficient but not greater than necessary to accomplish the sentencing purposes of 18 U.S.C. §3553.

Mr. Yarborough has accepted full responsibility for his actions and has written a letter to the Court. As the Court can see from Mr. Yarborough's letter, it appears that he has finally realized that his criminal behavior is putting his own children through some of the same turmoil that was so pervasive during his childhood.

## Letters of Support

Attached are letters of support and a letter from Mr. Yarborough to the Court.

WHEREFORE, Mr. Yarborough prays that the Court sustain his objection and grant him a downward departure or guidelines variance.

/s/
Melinda R. Glaubke, Esquire
Virginia Bar Number: 31691
Attorney for Defendant,
  Ron Gerard Yarborough
Slipow, Robusto & Kellam, P.C.
2476 Nimmo Parkway, Suite 121
Virginia Beach, VA  23456
(757) 427-5094
(757)427-1727 Fax
mglaubke@srklawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on the  22nd  day of December, 2016, I emailed a copy of the foregoing to Cathleen C. Yetzer, United States Probation Officer and electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all attorneys of record including the following:

Sherrie S. Capotosto, Esquire
United States Attorney's Office
101 W Main Street
Suite 8000
Norfolk, VA 23510
(757) 441-6331
sherrie.capotosto@usdoj.gov

/s/
Melinda R. Glaubke, Esquire
Virginia Bar Number: 31691
Attorney for Defendant,
  Ron Gerard Yarborough
Slipow, Robusto & Kellam, P.C.
2476 Nimmo Parkway, Suite 121
Virginia Beach, VA  23456
(757) 427-5094
(757)427-1727 Fax
mglaubke@srklawfirm.com